THE UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DARRELL K. OSBORNE, SR.

        Plaintiff,        Case No. 07-11835

vs.

        HONORABLE GERALD E. ROSEN
        HONORABLE STEVEN D. PEPE

COUNTY OF WAYNE, ET AL.,

        Defendant.
_____/

## ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL (DKT. #3)

On April 26, 2007, Plaintiff filed his Application for Appointment of Counsel in which he seeks court appointed counsel (Dkt. #3). All pretrial matters were referred to the undersigned on June 13, 2007 (Dkt. #6). For the reasons indicated below, IT IS **ORDERED** THAT Plaintiff's Application for Appointment of Counsel is **DENIED.**

Plaintiff seeks to have this Court appoint an attorney to assist him with his case. Under 28 U.S.C. § 1915(e)(1), a federal court may request counsel to represent an indigent plaintiff. 28 U.S.C. § 1915(e)(1); *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). Yet, appointment of counsel for an indigent party is a privilege justified only under exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993). To determine whether exceptional circumstances necessitating the appointment of counsel are present, courts consider the type of case involved, the ability of the plaintiff to represent himself, the complexity of the factual and legal issues, and whether the plaintiff's claims are frivolous or have an extremely small

likelihood of success.  *Id.*; *Reneer*, 975 F.2d at 261; *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985).  Based on several considerations, Plaintiff's claim is denied.

Plaintiff's complaint alleges that Defendant unfairly attempted to collect a debt incurred by Plaintiff (Dkt. #1).  The factual issues raised by Plaintiff are clear and straightforward.  It is Plaintiff's position that he is not responsible for any debts incurred from checks issued by him with insufficient funds where Defendant failed to respond to Plaintiff's request to validate the debt.  Plaintiff has demonstrated in his complaint and subsequent filings that he understands the legal issues and can present these issues to a Court in a satisfactory manner.

Also, it must be noted that there is a grave scarcity of attorneys available to represent indigent persons in this Court.  This Court has no funds to secure attorneys for indigent parties in civil cases, and has great difficulty finding attorneys willing to volunteer time to serve in *pro bono* cases without payment.  Their services must be carefully rationed to the most appropriate cases.

Accordingly, Plaintiff's application for appointment of counsel is **DENIED**.  Plaintiff is **barred** from bringing any further applications on appointment of counsel until after rulings on any dispositive motions.  Appointment of counsel may be reconsidered at that time.

**SO ORDERED.**

Date: July 17, 2007                        s/Steven D. Pepe
Ann Arbor, Michigan                  United States Magistrate Judge

CERTIFICATE OF SERVICE

       I hereby certify that on July 17, 2007, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: not applicable, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Darrell K. Osborne, Sr., P.O. Box 32810, Detroit, MI 48232

                                        s/ James P. Peltier
                                        James P. Peltier
                                        Courtroom Deputy Clerk
                                        U.S. District Court
                                        600 Church St.
                                        Flint, MI 48502
                                        810-341-7850
                                        pete_peliter@mied.uscourts.gov